UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>Aniplex Inc., a Japanese corporation, and Toho Co., Ltd., a Japanese corporation,<br><br>Applicants.<br><br>. | Case No.:<br><br>**[PROPOSED] ORDER GRANTING THE *EX PARTE* APPLICATION BY ANIPLEX INC. AND TOHO CO., LTD. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

[Proposed] Order Granting Ex Parte Application

Applicants Aniplex Inc. and Toho Co., Ltd. ("Applicants") are Japanese corporations engaged in the business, among others, of producing and releasing "anime" TV series (i.e., various animated, Japanese-language television series).

Twelve anonymous users (the "Anonymous Individuals") on "X" (formerly known as Twitter) have allegedly posted, without authorization, images on X from unreleased episodes (or unreleased versions of episodes) of the anime TV series, thereby allegedly violating Japanese law.

Applicants now seek limited discovery from X Corp. to identify the Anonymous Individuals, so it can bring a civil tort lawsuit against them in Japan.

The Court **GRANTS** Applicants' ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in foreign proceedings.

Section 1782 authorizes discovery where: (1) the person from whom the discovery is sought resides or is found in the district of the court to which the application is made; (2) the discovery is for use in a proceeding in a foreign or international tribunal; and (3) the applicant is a foreign or international tribunal or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

The application, which is supported by declarations from Yuma Takahashi, an employee of Aniplex Inc., Koji Higashi, an employee of Toho Co., Ltd., and Hiroyuki Nakajima, an attorney registered to practice law in Japan, satisfies all three statutory requirements.

First, X Corp. is "found" in this district. X Corp. has its principal place of business in San Francisco, which is in this district. *See In re Todo*, No. 5:22-MC-80248-EJD, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("*In re Super Vitaminas, S.A.*, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that an office within the district satisfies the requirement); *In re TPK Touch Sols. (Xiamen) Inc.*, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (finding subpoenaed party was "found" within the district

because it maintained an in-district office). Courts have also concluded that companies are found in a district where 'they conduct systematic and continuous local activities in this district.' *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036–38 (N.D. Cal. 2016)").

Second, the discovery is sought for use in anticipated proceedings in Japan. *See Omori*, 2023 WL 5957172, at *2 ("If a § 1782(a) request is made when there is no currently pending proceeding, such a proceeding must be "likely to occur" or is "within reasonable contemplation.") (quoting *Intel Corp.*, 542 U.S. at 258–59). Applicants have consulted with and hired an attorney in Japan about filing a civil lawsuit for violation of Japanese copyright law, and for injunctive relief; their attorney advised them that Japanese law does not allow for lawsuits against anonymous persons, so Applicants would need to discover the true identities of the Anonymous Individuals to proceed. Nakajima Decl. ¶¶ 5, 9 & 17. *See Omori*, 2023 WL 5957172, at *2 (finding requirement met where applicant sought discovery from Meta to identify anonymous individuals before bringing civil suits in Japan).

Third, as Applicants will be litigants in the Japanese proceedings, each is plainly an "interested person." *Intel Corp*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person [s]' who may invoke § 1782").

If the statutory requirements are met, the Court still retains discretion in determining whether to grant an application under Section 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). In exercising this discretion, the Court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65. All four factors weigh in favor of granting the application.

The relevant inquiry for the first factor—whether the person from whom the discovery is sought will be a participant in the foreign proceeding—is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016). X Corp. will not be a party to the anticipated Japanese proceedings, so the discovery sought would be outside the Japanese tribunal's jurisdictional reach. Nakajima Decl. ¶ 18. *See Omori*, 2023 WL 5957172, at *3 ("[T]he Japanese tribunal would be unable to compel Meta to produce discovery without the aid of § 1782.").

As for the second factor, there is no evidence before the Court that courts in Japan would reject evidence obtained via Section 1782, and attorney Nakajima represents that Japanese courts are receptive to assistance in discovery from federal courts in the United States. Nakajima Decl. ¶ 20. Courts in this district have found that this factor weighs in favor of authorizing discovery where Japanese counsel made similar representations. *See, e.g.*, *Omori*, 2023 WL 5957172, at *3; *Bitwallet Pte. Ltd. v. Meta Platforms, Inc.*, No. 22-mc-80182-HSG, 2023 WL 1111505, at *3 (N.D. Cal. Jan. 30, 2023).

Next, for the third factor, Nakajima avers that Applicants are not attempting to circumvent foreign proof-gathering restrictions, and there is nothing before the Court to suggest otherwise. Nakajima Decl. ¶ 21.

Finally, the discovery sought is "narrowly tailored," such that it is not unduly intrusive or burdensome. *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044. The proposed subpoena seeks information reasonably calculated to identify the users of the X accounts associated with the infringing posts. It does not seek the contents of any communications associated with the accounts, nor does it seek the disclosure of any sensitive credit card or other payment information. Nakajima has also demonstrated why all of the requested access log information is relevant and necessary to the anticipated civil suits in Japan. Nakajima

Decl. ¶ 25. *See Omori*, 2023 WL 5957172, at *4 (granting subpoena on Meta that requested similar information to identify anonymous individual on Instagram).

Accordingly, the ex parte application is granted without prejudice to any subsequent motion to quash or modify the subpoena. Applicants may serve the proposed subpoena on X Corp.

**IT IS SO ORDERED.**

Dated:_____            _____

United States District Judge

[Proposed] Order Granting Ex Parte Application
5